UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATHANIEL B. ERVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00255-TWP-TAB |
| | ) | |
| GARDNER Warden, | ) | |
| BRYANT Captain, | ) | |
| MCGRADY Sgt., | ) | |
| WILSON Sgt., | ) | |
| MCWILLIAMS Sgt., | ) | |
| WILSON Ofc., | ) | |
| KHALKOFF Ofc., | ) | |
| ROBERDS Ofc., | ) | |
| STONE Ofc., | ) | |
| ANO Ofc., | ) | |
| BONNER Ofc., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Nathaniel B. Ervin is a prisoner currently incarcerated at Correctional Industrial

Facility ("CIF"). He filed this civil action alleging that he was housed under inhumane conditions

of confinement. Because Mr. Ervin is a "prisoner," this Court must screen the complaint before

service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a

claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Ervin's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Ervin names 15 defendants: Warden Gardner, Captain Bryant, Lt. Murray, Sgt. McGrady, Sgt. Wilson, Sgt. McWilliams, Ofc. Mercer, Ofc. Issacs, Ofc. Kissler, Ofc. Wilson, Ofc. Khalkoff, Ofc. Roberds, Ofc. Stone, Ofc. Ano, and Ofc. Bonner.

Mr. Ervin's allegations are summarized as follows. On November 17, 2025,[1] Ofc. Kissler put Mr. Ervin in CIF cell #22L-3A without properly cleaning or sanitizing it. Dkt. 1 at 2.

On November 18, Mr. Ervin asked Ofc. Mercer and Capt. Bryant to inspect his cell. *Id.* at 7. While Ofc. Mercer handcuffed Mr. Ervin, Capt. Bryant stepped inside the cell, looked over the mat, stated that there was "something going on in there," but placed Mr. Ervin back in the cell. *Id.*

On November 22, the heater in Mr. Ervin's cell turned on and released a smell of human feces. *Id.* Mr. Ervin found a bag of human feces in the heater vent and notified Ofc. Issacs, who called Sgt. McWilliams over. *Id.* They removed the bag but failed to further inspect the cell. *Id.* at 3, 7. Mr. Ervin was placed back in his cell and found a second bag of feces. *Id.* at 3. Mr. Ervin was removed from his cell so it could air out. *Id.* Sgt. McWilliams was told to clean the cell, but all he

---

[1] The year is inferred from later dated allegations that provide the year. *See* dkt. 1 at 7.

did was use germicide on the floor, and he did not clean the heater. *Id.* Mr. Ervin was returned to the cell, where he experienced headaches, nausea, and congestion. *Id.*

On November 23, Mr. Ervin found a piece of cloth in his heater. *Id.* He notified Ofc. Roberds and asked her to get Sgt. Wilson in order to document it, but Sgt. Wilson did not come. *Id.*

On November 26, Mr. Ervin asked Ofc. Wilson and Ofc. Kissler to smell his cell, and both confirmed the smell of feces in the cell. *Id.* at 4. Mr. Ervin was placed in a holding cell and the officers notified Sgt. Wilson. *Id.* Mr. Ervin also told Sgt. Wilson that he was feeling sick. *Id.* After shift change, Ofc. Stone, Ofc. Ano, and Sgt. McWilliams were notified of the situation. *Id.* Mr. Ervin asked for the Bio Team to clean his cell. *Id.* Sgt. McWilliams called Lt. Scott, who said to place Mr. Ervin in his cell. *Id.* Ofc. Ano cleaned the cell floor with germicide and level 2 chemicals, but he did not clean the heater. *Id.*

On November 28, Mr. Ervin asked Ofc. Khalkoff what he smelled in the cell, to which Ofc. Khlkoff replied "I smell shit." *Id.* at 5. Ofc. Khalkoff knew who the prior resident of the cell was and knew "what was taking place." *Id.*

On November 29, a certified Bio Team inmate was brought to clean Mr. Ervin's cell with Bio chemicals while Ofc. Bonner monitored him. *Id.* Chemicals were poured in the heater vent, though the affected areas were not scrubbed. *Id.*

Mr. Ervin requests monetary damages. *Id.* at 8.[2]

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

---

[2] The fifth page of Mr. Ervin's complaint, which includes his signature, is on the docket as the ninth page of docket entry 2.

First, Mr. Ervin has not mentioned Warden Gardner, Lt. Murray, or Sgt. McGrady in his allegations. Because Mr. Ervin has not alleged wrongdoing by these defendants, all claims against them are dismissed for failure to state a claim.

Second, a conditions-of-confinement claim includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Under the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). Under the subjective component, a prisoner must establish that the defendants had a culpable state of mind — that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (internal quotations omitted). Neither "negligence [n]or even gross negligence is enough[.]" *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

Mr. Ervin alleges that Ofc. Kissler placed him in the cell without first cleaning or sanitizing it and, over a week later, both he and Ofc. Wilson smelled the cell on Mr. Ervin's request, confirmed the smell of feces, and notified Sgt. Wilson. At most, Mr. Ervin has alleged that Ofc. Kissler was negligent for not verifying the state of the cell before moving Mr. Ervin into it. There is no allegation from which a reasonable inference can be made that Ofc. Kissler knew of the smell or feces before Mr. Ervin asked him to smell the cell. And, after Ofc. Kissler and Ofc. Wilson confirmed the smell, Mr. Ervin alleges that they informed their sergeant. These are not allegations of indifferent behavior. Negligent behavior is insufficient to state a claim under the Eighth Amendment, so the claims against Ofc. Kissler and Ofc. Wilson are dismissed.

4

Similarly, Ofc. Mercer's involvement was handcuffing Mr. Ervin while Capt. Bryant inspected the cell. There is no allegation that Ofc. Mercer was aware of the conditions in Mr. Ervin's cell. The claims against Ofc. Mercer are dismissed.

Ofc. Bonner supervised a Bio-certified inmate who cleaned Mr. Ervin's cell. Mr. Ervin has not alleged any failure by Ofc. Bonner, so all claims against Ofc. Bonner are dismissed.

There is no claim alleged against Ofc. Roberds and Sgt. Wilson regarding the cloth found in Mr. Ervin's heating vent because, on the allegations presented, the cloth did not present an excessive risk to his health or safety. These claims are dismissed.

Ofc. Issacs and Sgt. McWilliams were not deliberately indifferent by failing to anticipate that a second bag of feces was in the vent. At most, they were negligent for failing to investigate further. The claims against Ofc. Issacs are dismissed, as is the claim against Sgt. McWilliams for failing to investigate the heater's vent.

However, a claim shall proceed as to Sgt. McWilliams for not cleaning the vent when tasked with cleaning the cell, as shall a claim against Ofc. Ano for also not cleaning the vent when cleaning the cell, despite being apprised of the situation.

The claims which shall proceed are the following: conditions-of-confinement claims against Capt. Bryant, Ofc. Khalkoff, Sgt. McWilliams, Ofc. Ano, Ofc. Stone, and Sgt. Wilson. The allegations presented allow the reasonable inference that these defendants were aware of the health and safety risk presented by the conditions of Mr. Ervin's cell yet refused to take corrective steps.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 9, 2026,** in which to file a motion to reconsider the screening order.

## IV. Conclusion and Service of Process

The following claims are proceeding in this action: conditions-of-confinement claims against Capt. Bryant, Ofc. Khalkoff, Sgt. McWilliams, Ofc. Ano, Ofc. Stone, and Sgt. Wilson. All other claims have been dismissed.

The **clerk is directed** to terminate Warden Gardner, Sgt. McGrady, Ofc. Wilson, Ofc. Roberds, and Ofc. Bonner as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Capt. Bryant, Ofc. Khalkoff, Sgt. McWilliams, Ofc. Ano, Ofc. Stone, and Sgt. Wilson in the manner specified by Rule 4(d). Process shall consist of the complaint filed on February 6, 2026, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 6/9/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

6

Distribution:

NATHANIEL B. ERVIN
286368
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Capt. Bryant
    Ofc. Khalkoff
    Sgt. McWilliams
    Ofc. Ano
    Ofc. Stone
    Sgt. Wilson
    (All at Correctional Industrial Facility)